```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
TYRONE MASSEY,                           :
                                         :
                         Plaintiff,      :    20cv9719 (DLC)
                                         :
              -v-                        :    OPINION AND ORDER
                                         :
CITY OF NEW YORK and CAPTAIN SMART,      :
                                         :
                         Defendants.     :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiff:
Tyrone Massey pro se

For defendants:
David S. Thayer
Wynee Ngo
New York City Law Department
100 Church Street
New York, NY 10007

DENISE COTE, District Judge:

In this pro se action, Tyrone Massey alleges that the City of New York (the "City") and a New York City correctional officer violated his constitutional rights by disregarding his medical needs after he suffered a seizure while in pretrial detention. The City has moved to dismiss the claims against it. For the following reasons, the motion to dismiss is granted.

1

**Background**

The following facts are derived from Massey's complaint, documents attached thereto, and Massey's submission in opposition to the defendants' motion to dismiss. See Nielsen v. Rabin, 746 F.3d 58, 63 (2d Cir. 2014). On October 29, 2020, Massey was detained at the Manhattan Detention Complex ("MDC"). At approximately 1:30 a.m., Massey had a seizure, during which he injured his head, and began "hearing voices" and "seeing things." Massey also began cutting his leg. Shortly thereafter, defendant Captain Smart walked by Massey's cell, but declined to provide Massey with medical care and told him to "keep cutting [him]self." At around 7:00 a.m., Massey wrote a message in blood on white sheets of paper saying that he needed medical care. Massey was provided with medical care several hours later.

Massey alleges that City employees have regularly been ignoring his medical needs, and that the City has failed to train and supervise its officers. He claims that existing grievance procedures are inadequate to hold officers accountable, pointing to several grievances he filed that were then dismissed because staff complaints are "non-grievable." Massey alleges that, as a result, City employees feel free to

violate inmates' rights, as well as the City's own written policies.

Massey brought this action on November 17, 2020.  The City moved to dismiss the claims against it on March 5, 2021.  The motion to dismiss became fully submitted on May 10.[1]  The claims against Captain Smart are in discovery.

## Discussion

Massey brings a claim, pursuant to 42 U.S.C. § 1983, in which he alleges that the City violated his Eighth Amendment rights by maintaining a policy of denying him medical care and by failing to adequately train Smart.[2]  The City has moved to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).

In order to state a claim and survive a motion to dismiss, "[t]he complaint must plead 'enough facts to state a claim to

---

[1] The case was reassigned to this Court on December 10.

[2] While the Eighth Amendment applies only to convicted inmates and not pretrial detainees such as Massey, the Due Process Clause of the Fourteenth Amendment provides equivalent protections to pretrial detainees. Darby v. Greenman, 14 F.4th 124, 128 (2d Cir. 2021) (citing City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983)).  Although Massey has styled his claim against the defendants as an Eighth Amendment claim, the Court construes it as a Fourteenth Amendment due process claim, given that his pro se submission must be "interpreted to raise the strongest arguments that [it] suggest[s]." Meadows v. United Servs., Inc., 963 F.3d 240, 243 (2d Cir. 2020) (citation omitted).

3

relief that is plausible on its face.'" Green v. Dep't of Educ. of City of New York, 16 F.4th 1070, 1076-77 (2d Cir. 2021) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "In determining if a claim is sufficiently plausible to withstand dismissal," a court "accept[s] all factual allegations as true" and "draw[s] all reasonable inferences in favor of the plaintiffs." Melendez v. City of New York, 16 F.4th 992, 1010 (2d Cir. 2021) (citation omitted).

Because Massey is a pro se plaintiff, his submissions "must be construed liberally and interpreted to raise the strongest arguments that they suggest." Meadows, 963 F.3d at 243. "Nonetheless, a pro se complaint must state a plausible claim for relief." Darby, 14 F.4th at 128.

Massey brings a Monell claim against the City. A plaintiff may have a cause of action against a municipal defendant under 42 U.S.C. § 1983 when the defendant violates the plaintiff's constitutional rights. See Monell v. Dept. of Soc. Servs., 436 U.S. 658, 690-91 (1978). Municipal defendants, however, are not automatically liable for their employees' constitutional

4

violations -- the doctrine of respondeat superior does not apply.  Id. at 691.  See also Hu v. City of New York, 927 F.3d 81, 104 (2d Cir. 2019).  Accordingly, to bring a § 1983 against a city, a plaintiff must plausibly allege that "action pursuant to official municipal policy caused the alleged constitutional injury."  Hu, 927 F.3d at 104 (citation omitted).

A plaintiff can demonstrate the existence of an official policy in several different ways.  Id.  Construed liberally, Massey's complaint appears to implicate two theories in particular.  First, a plaintiff can hold a municipality liable by showing that the alleged "unconstitutional practices were so widespread, persistent, and manifest as to imply constructive acquiescence on the party of the city."  Id. at 104-05.  And second, "[i]n limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for the purposes of § 1983."  Connick v. Thompson, 563 U.S. 51, 61 (2011).

Massey does not plead sufficient facts to plausibly support a claim of municipal liability under either theory.  Massey alleges that City employees feel free to regularly violate inmates' constitutional rights, mentioning numerous lawsuits he has filed against the City.  The pleadings, however, contain no

information about the allegations or outcomes in these lawsuits. Massey also points to several grievances he filed in which he alleges that officers ignored his requests for medical attention.[3]  Many of these grievances however indicate that Massey was actually seen by medical practitioners shortly after the incidents described (though he contends that the care provided was insufficient).  Additionally, Massey included with his opposition medical records showing that he received treatment the morning after the October 29 incident. Accordingly, Massey has not pled facts demonstrating that MDC officers have a de facto policy of denying inmates access to medical care, much less that such a practice is so pervasive as to put the City on constructive notice.  See Hu, 927 F.3d at 106 (finding that four alleged incidents of constitutional violations were insufficient to support a Monell claim).

Massey also alleges that the City failed to adequately train Captain Smart.  The pleadings, however, contain no allegations about the City's training procedures or the ways in which they are defective.  Indeed, Massey's allegation that City employees fail to follow written procedure suggests that any problem lies with individual officers, rather than with the

---

[3] It is not clear precisely how many incidents are described, as different grievances often describe similar incidents occurring on the same day.

6

City's own policies or training. See J. K. J. v. City of San Diego, 17 F.4th 1247, 1256 (9th Cir. 2021) (holding that "officers' failure to heed their training" does not give rise to municipal liability under Monell). Nor has Massey pled any facts to show that any municipal policymaker was "on actual or constructive notice of, and therefore deliberately indifferent to, a need for more or different . . . training." Connick, 563 U.S. at 59. A "conclusory statement[]" that a city employee was inadequately trained, standing alone, cannot overcome a motion to dismiss. See Iqbal, 556 U.S. at 678.[4]

## Conclusion

The City's motion to dismiss Massey's claims against it is granted.

Dated:   New York, New York
         January 20, 2022

                                               /s/ Denise Cote
                                               DENISE COTE
                                      United States District Judge

---

[4] Because Massey alleges that Captain Smart "breached her duty of care," his complaint, liberally construed, arguably raises a negligence claim against the City. However, a plaintiff bringing a tort claim against the City must first file notice setting forth "the nature of the claim." N.Y. Gen. Mun. Law §§ 50-e(1), 50-e(2). See also Rentas v. Ruffin, 816 F.3d 214, 226-27 (2d Cir. 2016) (discussing the notice requirement). Massey does not allege that any notice has been filed. Accordingly, any implied negligence claim against the City is hereby dismissed.